IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD JACKSON, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:10-cv-0328 |
| JAMES KEITH COX., *et al.*, | § § | |
| Defendants. | § § § | |

## RULE 54(B) FINAL JUDGMENT AND BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Trustmark, to Approve the Proposed Notice of Settlement with Trustmark, to Enter the Bar Order, and to Enter Rule 54(b) Final Judgment and Bar Order (SEC Action, ECF No. 3218, the "Motion") filed by Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), and the Court-appointed Official Stanford Investors Committee (the "Committee"), the latter being a plaintiff in *Rotstain, et al. v. Trustmark National Bank, et al.*, Civil Action No. 4:22-cv-00800 (S.D. Tex.) (the "Rotstain Litigation"). The Motion concerns a proposed settlement (the "Settlement") between and among, on the one hand, the Receiver, the Committee, each of the individual plaintiffs in the Rotstain Litigation (the "Rotstain Investor Plaintiffs"), each of the plaintiffs in *Smith, et al. v. Independent Bank, et al.*, Civil Action No. 4-20-CV-00675 (S.D. Tex) (the "Smith Investor Plaintiffs" and the "Smith Litigation"), and on the other hand, Trustmark National Bank ("Trustmark"). The Receiver, the Committee, the Rotstain Investor Plaintiffs, and the Smith Investor Plaintiffs are collectively referred to as the "Plaintiffs." Plaintiffs, on the one hand, and Trustmark, on the other hand, are referred to individually as a "Party" and together as the "Parties." John J. Little signed

the Settlement Agreement as chair of the Committee.¹ Mr. Little, the Court-appointed Examiner (the "Examiner"), also signed the Settlement Agreement in his capacity as Examiner solely to evidence his support and approval of the Settlement and to confirm his obligation to post the Notice on his website; but Mr. Little as Examiner is not otherwise individually a party to the Settlement Agreement or any of the above-referenced litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Motion is hereby **GRANTED**.

**I.    INTRODUCTION**

This litigation (the "Jackson Litigation" brought by individual plaintiffs herein referred to collectively as the "Jackson Investor Plaintiffs") as well as the Rotstain Litigation, the Smith Litigation, and *SEC v. SIBL, et al.*, Civil Action No. 3:09-cv-0298-N (N.D. Tex.) (the "SEC Action") arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL") and other companies owned or controlled by Robert Allen Stanford (with SIBL, the "Stanford Entities").² On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for the Stanford Entities. (ECF No. 10). After years of investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including Trustmark, which Plaintiffs allege enabled the Stanford Ponzi scheme. In the Jackson Litigation, the plaintiffs assert claims against Trustmark and other defendants for (1) negligence, (2) breach of contract, (3) violations of Uniform Fiduciaries Law, (4) negligent misrepresentation, (5) detrimental reliance,

---

¹ The Settlement Agreement is attached as Exhibit 1 of the Appendix to the Motion (SEC Action, ECF No. 3219).

² The Plaintiffs' Petition in the Jackson Litigation incorrectly names Trustmark as "Trust National Bank." For the avoidance of confusion, this Rule 54(b) Final Judgment and Bar Order applies to Trustmark even as incorrectly named by Plaintiffs.

(6) violations and/or aiding and abetting violations of the Louisiana Securities Act, (7) violations of the Louisiana Racketeering Act, and (8) conspiracy. In the Rotstain Litigation, the plaintiffs assert claims against Trustmark and other defendants for (1) aiding, abetting, or participation in violations of the Texas Securities Act ("TSA") and (2) aiding, abetting, or participation in breach of fiduciary duty.[3] In the Smith Litigation, the plaintiffs assert claims against Trustmark and other defendants for (1) aiding, abetting, or participation in a fraudulent scheme; (2) aiding, abetting, or participation in violations of the TSA; (3) aiding, abetting, or participation in breach of fiduciary duty; (4) aiding, abetting, or participation in conversion; and (5) civil conspiracy. Trustmark denies that it is liable under any of those claims and asserts numerous defenses to each of those claims.

Settlement negotiations occurred in 2022 and 2023. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" (ECF No. 1149)—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" (ECF No. 322)—all participated in these extensive, arm's-length negotiations. On December 31, 2022, the Parties

---

[3] Originally, claims were also brought against Trustmark for (1) avoidance and recovery of fraudulent transfers under the Texas Uniform Fraudulent Transfer Act; (2) aiding, abetting, or participation in fraudulent transfers; (3) aiding, abetting, or participation in a fraudulent scheme; (4) aiding, abetting, or participation in conversion; and (5) civil conspiracy. Those claims were either dismissed by the MDL Court or abandoned by the plaintiffs over the course of the litigation. In addition, the plaintiffs in the Rotstain Litigation continue to bring a claim for avoidance and recovery of fraudulent transfers against certain defendants but not Trustmark.

reached an agreement in principle resulting in the Settlement. For a short time thereafter, the Parties continued negotiating in order to document the exact terms of the Settlement in the written Settlement Agreement.

Under the terms of the Settlement Agreement, Trustmark will pay $100 million (the "Settlement Amount") to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, Trustmark is to obtain total peace with respect to all claims that have been, or could have been, asserted against Trustmark or any of the Trustmark Released Parties arising in any respect out of the events leading to these proceedings. Accordingly, the Settlement is conditioned on the Court's approval and entry of this Rule 54(b) Final Judgment and Bar Order enjoining the Jackson Investor Plaintiffs and other Persons holding any potential claim against Trustmark relating to these proceedings from asserting or prosecuting claims against Trustmark or any of the Trustmark Released Parties.

On January 19, 2023, the Receiver and the Committee (the "Movants") filed the Motion. (SEC Action, ECF No. 3218). The Court thereafter entered a Scheduling Order on January 20, 2023, (SEC Action, ECF No. 3220), which, *inter alia*, authorized the Receiver to provide notice of the Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On May 3, 2023, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable, and that the Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Rule 54(b) Final Judgment and Bar Order is appropriate and necessary.

## II.    ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Terms used in this Rule 54(b) Final Judgment and Bar Order that are defined in the Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Settlement Agreement (which is deemed incorporated herein by reference).

2. The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Rule 54(b) Final Judgment and Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 897 (5th Cir. 2019) (receivership court authority includes entering "bar orders foreclosing suit against third-party defendants with whom the receiver is also engaged in litigation"). Moreover, the Court has jurisdiction over the subject matter of this action, and the the Receiver and the Committee are proper parties to seek entry of this Rule 54(b) Final Judgment and Bar Order.

3. The Court finds that the methodology, form, content, and dissemination of the Notice (i) were implemented in accordance with the requirements of the Scheduling Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the Settlement, the releases and dismissals therein, and the injunctions provided for in this Rule 54(b) Final Judgment and Bar Order as well as the Final Bar Order to be entered in the SEC Action; (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Settlement, the Final Bar Order, and this Rule 54(b) Final Judgment and Bar Order as well as to appear at the final approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4. The Court finds that the Settlement, including without limitation, the Settlement Amount, was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length negotiations involving experienced and competent counsel. The Court further finds that (i) significant issues exist as to the merits and value of the claims asserted against Trustmark by the Jackson Plaintiffs and by others whose potential claims are foreclosed by this Rule 54(b) Final Judgment and Bar Order; (ii) such claims contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with uncertainty regarding whether such claims would be successful; (iii) a significant risk exists that future litigation costs would dissipate Receivership Assets and that Plaintiffs and other persons who have submitted claims to the Receiver may not ultimately prevail on their claims; (iv) Plaintiffs and Claimants who have filed Claims with the Receiver will receive partial satisfaction of their claims from the Settlement Amount being paid pursuant to the Settlement; and (v) Trustmark would not have agreed to the terms of the Settlement in the absence of this Rule 54(b) Final Judgment and Bar Order and the assurance of "total peace" with respect to all claims that have been, or could be, asserted by any Persons arising from any aspect of Trustmark's relationship with the Stanford Entities. *See SEC v. Kaleta*, No. 4:09-3674, 2012 WL 401069, at *4 (S.D. Tex. Feb. 7, 2012), *aff'd*, 530 F. App'x 360 (5th Cir. 2013) (approving these factors for consideration in evaluating whether a settlement and bar order are sufficient, fair, and necessary). The injunction against such claims as set forth herein is, therefore, a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Settlement. *See Kaleta*, 530 F. App'x at 362 (affirming a bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding). After careful consideration of the record and applicable law, the Court concludes that the Settlement is the best

option for maximizing the net amount recoverable from Trustmark for the Receivership Estate, Plaintiffs, and the Claimants (including the Jackson Investor Plaintiffs).

5. The Court finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

6. Accordingly, the Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against Trustmark, the Stanford Entities, or the Receivership Estate, including but not limited to the Plaintiffs, the Interested Parties, and the Jackson Investor Plaintiffs. The Court also finds that this Rule 54(b) Final Judgment and Bar Order is a necessary component to achieve the Settlement. The Settlement, the terms of which are set forth in the Settlement Agreement, is hereby fully and finally approved. The Parties are directed to implement and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement and this Rule 54(b) Final Judgment and Bar Order.

7. The Court hereby permanently bars, restrains, and enjoins the Jackson Investor Plaintiffs, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against Trustmark or any of the Trustmark Released Parties any action (including without limitation the Jackson Litigation), lawsuit, cause of action, claim, investigation, demand, levy, complaint, or proceeding of any nature in any Forum, including, without limitation, any court of first instance or any appellate court, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the subject matter of this case, the Rotstain

Litigation, the Smith Litigation, and/or the SEC Action; or any Settled Claim. The foregoing specifically includes any claim, however denominated and whether brought in the Jackson Litigation or any other Forum, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that Trustmark may have against any Trustmark Released Party, including but not limited to Trustmark's insurers, reinsurers, employees, and agents. Further, the Parties retain the right to sue for alleged breaches of the Settlement Agreement.

8.  The releases and the covenants not to sue set forth in the Settlement Agreement, and the releases, bars, injunctions, and restraints set forth in this Rule 54(b) Final Judgment and Bar Order, do not limit in any way the evidence that the Jackson Investor Plaintiffs may offer against the remaining defendants in the Jackson Litigation.

9.  Nothing in this Rule 54(b) Final Judgment and Bar Order shall impair, affect, or be construed to impair or affect in any way whatsoever any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take

discovery under applicable rules in litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon Trustmark or any Trustmark Released Party.

10.     Nothing in this Rule 54(b) Final Judgment and Bar Order or the Settlement Agreement and no aspect of the Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law; of any fault, liability, or wrongdoing; or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations, or defenses in the Rotstain Litigation, the Smith Litigation, the Jackson Litigation, or any other proceeding.

11.     Without in any way affecting the finality of this Rule 54(b) Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement, the Settlement Agreement, the Scheduling Order, and this Rule 54(b) Final Judgment and Bar Order, including without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Settlement and the Settlement Agreement.

12.     The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Rule 54(b) Final Judgment and Bar Order, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

13.     This Rule 54(b) Final Judgment and Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that

filed an objection to approval of the Settlement, the Settlement Agreement, or this Rule 54(b) Final Judgment and Bar Order.

14. This is a final Rule 54(b) judgment. The Clerk of the Court is directed to enter Judgment as to Trustmark in conformity herewith.

SIGNED May 4, 2023.

_____
DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE